NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CRAIG FRANCIS SZEMPLE, | : | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | : | **OPINION** |
| v. | : | Civil Action No. 2:10-cv-258 (DMC)(JAD) |
| UNIVERSITY OF MEDICINE & DENTISTRY OF NEW JERSEY, et al., | : | |
| Defendants. | : | |

**DENNIS M. CAVANAUGH, U.S.D.J.**

This matter comes before the Court on the Application of Plaintiff Craig Francis Szemple ("Plaintiff") for the Appointment of Pro Bono Counsel. ECF No. 15. Pursuant to FED. R. CIV. P. 78, no oral argument was heard. After carefully considering the submissions, and based upon the following, it is the finding of this Court that Plaintiff's Application is **denied**.

**I.    BACKGROUND**

This matter involves a pro se litigant's application for appointment of pro bono counsel. The underlying facts of this case are thoroughly discussed in the Third Circuit's 2011 Opinion remanding the matter to this Court, 2011 WL 5562668 (3d Cir. Nov. 14, 2011), and will not be addressed except as necessary to set forth the background for this Application.

Plaintiff filed a Complaint on January 14, 2010, alleging various causes of action for violations of state and federal law. ECF No. 1. This Court issued an order administratively terminating Plaintiff's Complaint on July 21, 2010. ECF No. 3. Plaintiff re-filed his Complaint on

August 6, 2010, and this Court issued an Opinion and Order on October 15, 2010 dismissing the case, without prejudice, for failure to state a claim upon which relief may be granted. ECF Nos. 5, 9, 10. This Court then denied Plaintiff's Motion to Reopen the Case on January 19, 2011. ECF Nos. 11, 12. On appeal, the Third Circuit found that Plaintiff had presented "factual allegations in the amended complaint that support a plausible claim of deliberate indifference" so as to state a claim under the Eight Amendment. Szemple, 2011 WL 5562668 at *3. The Third Circuit went on to note that "[a]lthough it is unclear at this stage whether [Plaintiff] will be able to prove his allegations, his amended complaint goes beyond a claim of mere negligence and is sufficient to survive screening under 28 U.S.C. § 1915A." Id. at *4. Accordingly, the Third Circuit remanded the case to this Court for further proceedings. Id. Following remand, Plaintiff filed the present Application. The matter is now before this Court.

## II.   LEGAL STANDARDS

District courts have authority to request the appointment of counsel to represent indigent litigants in civil cases. 28 U.S.C. § 1915(e)(1). Because civil litigants do not have a constitutional right to appointed counsel, the Third Circuit has stated that district courts should first determine whether a plaintiff's claim "has arguable merit in fact and law." Tabron v. Grace, 6 F.3d 147, 153, 155 (3d Cir. 1993), cert denied, 510 U.S. 1196 (1994). Assuming there is merit, the Third Circuit has set forth a number of factors to be considered by district courts in the exercise of their discretion under § 1915(e)(1). These factors are: (1) the plaintiff's ability to present his case; (2) the complexity of the legal issues; (3) the extent of factual discovery, and the plaintiff's ability to investigate and to comply with complex discovery rules; (4) the extent the case may turn on credibility determinations; (5) whether expert testimony will be required; and (6) whether the

plaintiff can afford counsel on his own behalf.  Id. at 155-56.  This Circuit has also emphasized "that volunteer lawyer time is extremely valuable" and for that reason, "district courts should not request counsel under § 1915(d) indiscriminately."  Simpson v. Federal Bureau of Prisons, No. 02-2313, 2005 WL 2387631 at *3 (M.D. Pa. Sept. 28, 2005) (citing Tabron, 6 F.3d at 157).

### III.   DISCUSSION

As a threshold matter, the Court notes that based on the Third Circuit's decision in this matter, there is no question that Plaintiff's case has arguable merit in fact and law.  The Court therefore turns to a consideration of the six Tabron factors.  In support of his Application, Plaintiff argues that he is confined to a prison cell and has very limited access to the prison library, a situation exacerbated by the New Jersey Department of Corrections' alleged pre-disposition to do everything in its power to "effectively stop this complaint in [its] tracks."  Pl.'s Application 3.  Plaintiff also complains that his confinement results in limited access to outside materials such as medical or dental publications, that any incoming mail is first examined outside of Plaintiff's presence, and that his phone calls are monitored.  Pl.'s Application 4-5.  Plaintiff further avers that he does not have the requisite skills to prosecute this litigation, which he argues is "far more complex in nature than other eight amendment claims," as it involves difficult medical questions and will likely require expert testimony.  Pl.'s Application 3-4.  Plaintiff notes that conflicting expert and eyewitness testimony will make credibility determinations "crucial," which militates in favor of appointing counsel.  Pl.'s Application 4.  Finally, Plaintiff asks this Court to consider the importance of his case, and the potential impact it might have on the level of medical and dental care provided to all inmates.  Pl.'s Application 5-6.

The Court accepts Plaintiff's sworn assertion that he does not possess sufficient income to

retain his own counsel.  Pl.'s Affidavit in Support of Motion 7.  Additionally, the Court notes that Plaintiff's case is medical in nature, and thus may present complex issues and require expert testimony, as well as potential credibility determination issues at trial.  Accordingly, these factors weigh in Plaintiff's favor.

The Court is not especially persuaded, however, by Plaintiff's arguments concerning his limited access to legal materials.  It is true that the materials available in prisons do not compare favorably with those available to members of the bar, and the Court acknowledges that Plaintiff is limited in the amount of time he may spend reviewing those materials.  Plaintiff has not shown, however, how his access to these materials is uniquely limited in comparison to other pro se prison litigants.  Courts routinely deny motions to appoint counsel, despite a plaintiff's limited access to a prison law library and limited ability to investigate the law of his case.  See, e.g., Neeld v. New Jersey, No., 11-1731, 2012 WL 603293 at *2 (D.N.J. Feb. 22, 2012) (denying motion to appoint counsel); Jones v. Kearney, No. 99-834, 2000 WL 1876433 at *2 (D.Del. December 15, 2000) (accord).  Accordingly, the Court finds that this does not weigh in Plaintiff's favor.  Further, the Court is not persuaded by Plaintiff's bare allegation that his limited access to materials is made worse by the New Jersey Department of Corrections' alleged pre-disposition to halt the litigation.

Further, Plaintiff has demonstrated ample ability to present his case.  Plaintiff has properly filed previous motions for appointment of counsel, has successfully won an appeal in this matter, and has provided thorough, coherent, and well reasoned briefing on this particular application.  Accordingly, this factor weighs against the appointment of counsel.  See, e.g., Jones, 2000 WL 1876433 at *2 (discussing petitioner's filings, finding that petitioner demonstrated ability to prosecute case without assistance).

Finally, while the Court recognized that the <u>Tabron</u> factors are non-exhaustive, and other factors may be considered in weighing Plaintiff's Application, it is not persuaded by Plaintiff's arguments concerning the importance of his case. The Court is simply not prepared to comment on the relative importance or non-importance of Plaintiff's case in comparison to the multitude of other prisoner litigation cases currently before this Court.

Considering these factors in light of the Third Circuit's admonition that volunteer counsel time is extremely valuable and should not be requested indiscriminately, the Court will deny Plaintiff's Application. The Court recognizes, however, that as this case progresses, the complexity of the factual issues or the need for additional legal briefing may require the appointment of counsel. In such an instance, the Court may elect revisit the matter on its own. See <u>Tabron</u>, 6 F.3d at 156 (recognizing that, under 28 U.S.C. § 1915(d), the court may sua sponte appoint counsel at "any point in the litigation").

### IV.  <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's Application is **denied**. An appropriate Order accompanies this Opinion.

    S/ Dennis M. Cavanaugh  
    Dennis M. Cavanaugh, U.S.D.J.

Date:    March 19, 2012  
Orig.:    Clerk  
cc:    All Counsel of Record  
    Hon. Joseph A. Dickson, U.S.M.J.  
    File