<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CRAIG FRANCIS SZEMPLE,<br><br>  Plaintiff,<br><br>v.<br><br>UNIVERSITY OF MEDICINE & DENTISTRY OF NEW JERSEY, et al,<br><br>  Defendants. | Civil Action No. 2:10-cv-00258 (DMC) (JAD)<br><br><u>OPINION</u> |

<u>JOSEPH A. DICKSON, U.S.M.J.</u>

This matter comes before this Court on the application of *pro se* plaintiff Craig Francis Szemple ("Plaintiff") for the appointment of pro bono counsel pursuant to 28 U.S.C. § 1915(e)(1) (the "Application"). Pursuant to Federal Rules of Civil Procedure 78, no oral argument was heard. After carefully considering the submissions, and based upon the following, it is the finding of this Court that Plaintiff's Application is **denied without prejudice**.

I.   <u>BACKGROUND.</u>

This matter involves an incarcerated *pro se* litigant's application for appointment of pro bono counsel. This Court previously declined to appoint pro bono counsel to Plaintiff in an Opinion dated March 19, 2012. (Opinion, ECF No. 16). The facts underlying Plaintiff's initial request for pro bono counsel are largely identical to those asserted in this renewed Application, with one exception. In the renewed Application, Plaintiff asserted that his place of incarceration changed from the general population unit at Northern State Prison to the Extended Care Unit at Southwoods State Prison (the "ECU"). It is this relocation, and the limitations imposed on Plaintiff's ability to access the tools he previously relied upon in pursuing his action in a *pro se*

capacity – for example, use of the prison's legal library, the ability to make legal calls, etc. – that Plaintiff argued is a change of circumstance that justifies the appointment of pro bono counsel.

Plaintiff stated that as a result of his worsening health, he was relocated to the ECU.[1] (Application for Pro Bono Counsel, ECF Nos. 20, 21). According to Plaintiff, the ECU is a hospice unit. (Letter, ECF No. 21). Patients in the ECU are not permitted to go to the prison's law library, to do legal research, to make legal calls or to make copies. (Id.). Plaintiff stated that as a substitution for personal access to the law library, an inmate paralegal "stops by" the ECU approximately three nights a week "when he has the time." (Id.). Plaintiff argued that given his inability to utilize the law library, together with the other limitations outlined above, he is unable to effectively pursue his case: "[W]ithout Court appointed counsel in this complex case where outside expert testimony is going to be needed, and without being able to use the law library for legal phone calls, the need for court appointed counsel is appropriately justified." (Application for Pro Bono Counsel 1, ECF, No. 20).

## II. LEGAL STANDARD.

District courts have the authority to request the appointment of counsel to represent indigent litigants in civil cases. 28 U.S.C § 1915(e)(1). Civil litigants have neither a constitutional nor statutory right to appointed counsel. Parham v. Johnson, 1269 F.3d 454, 456-57 (3d Cir. 1997). Accordingly, the Third Circuit directed that district courts should first determine whether a *pro se* party's claim "has arguable merit in fact and law." Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993), cert denied, 510 U.S. 1996 (1994). Assuming the claim has merit, the Third Circuit promulgated a number of factors to be considered by district courts in the

---

[1] Although Plaintiff stated he was moved to the ECU because of his worsening health, he seems to suggest the move may not have been based on medical need, but rather an ulterior motive on the part of Defendants: "When the defendants abruptly transferred the Plaintiff, to a prison where was placed in a hospice unit, and [usage] of the law library denied, and asked why, the prison administrators cited "Administrative Move" as the rationale for the transfer. Translation- '[NJDOC] can do it, because they can.'" (Application for Pro Bono Counsel 1, ECF, No. 20).

2

exercise of their discretion under § 1915(e)(1). These factors are: (1) the *pro se* party's ability to present his case; (2) the complexity of the legal issues; (3) the extent of factual discovery and the *pro se* party's ability to investigate and to comply with complex discovery rules; (4) the extent to which the case may turn on credibility determinations; (5) whether expert testimony will be required; and (6) whether the *pro se* party can afford counsel on his own behalf. See Parham, 12 F.3d 454; Tabron, 6 F.3d at 155, 158. No single factor is determinative.

The Third Circuit further emphasized that "volunteer lawyer time is extremely valuable" and, for that reason, "district courts should not request counsel under § 1915[(e)(1)][2] indiscriminately." Tabron 6 F.3d at 157. Finally, "we must take note of the significant practical restraints on the district courts' ability to appoint counsel: . . . the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation without compensation." Id.

### III.    ANALYSIS.

The Court denied Plaintiff's previous request for the appointment of pro bono counsel on the grounds that Plaintiff demonstrated ample ability to present his case – indeed, Plaintiff successfully appealed a District Court decision to the Third Circuit. (Opinion 4, ECF No. 16). The Court acknowledged that Plaintiff's case is "medical in nature" and, therefore, may present complex issues, require expert testimony and involve potential credibility determinations at trial. (Id.). The Court also considered and rejected Plaintiff's argument that his access to legal materials as an incarcerated individual was so limited that it necessitated the appointment of pro bono counsel. (Id.). At that time, the Court determined that Plaintiff had not shown that his access to legal materials was more limited than other incarcerated *pro se* litigants. (Id.).

---

[2] At the time of Tabron, § 1915(d) governed the appointment of counsel by a district court. Upon the amendment of the statute in 1996, § 1915(e)(1) became the operable statutory provision.

Presently, the Court recognizes that by virtue of Plaintiff's relocation to the ECU, his access to legal materials may be more limited than it was while Plaintiff was incarcerated in the general population unit at Northern State Prison. However, not much else has changed. Plaintiff continues to demonstrate an ability to present his case and receives assistance from an inmate paralegal approximately three times a week as a substitute for the limitations imposed on his personal access to the law library. Moreover, the status of this case has not changed since the Court's March 19th denial of Plaintiff's request for pro bono counsel. Plaintiff has not yet served the Complaint. Although Plaintiff hypothesizes that his relocation to the ECU will limit his prosecution of his case, the reality is that it has been over a year since the Third Circuit vacated the dismissal of this action and Plaintiff still has not served Defendants with the Complaint. As such, it is difficult for this Court to analyze the Tabron factors and come to a different result than was previously reached. The Court finds that the better course of action is for Plaintiff to serve the Complaint on the proposed defendants and, thereafter, renew his application for pro bono counsel if Plaintiff can demonstrate, in a concrete fashion, that his relocation to the ECU is inhibiting his ability to pursue his claims. Indeed, the Court may elect to revisit this issue on its own following the service of the Complaint should such an inhibition become evident. See Tabron, 6 F.3d at 156 (recognizing that, under 28 U.S.C. § 1915(d), the court may sua sponte appoint counsel at "any point in the litigation").

### III.   CONCLUSION

For the foregoing reasons, Plaintiff's Application is **denied without prejudice**.

_____
Joseph A. Dickson, U.S.M.J.

cc:   Honorable Dennis M. Cavanaugh