UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CRAIG FRANCIS SZEMPLE, | : |
| Plaintiff, | : Civ. No. 10-0258 (KM) (MAH) |
| v. | : |
| UNIVERSITY OF MEDICINE AND DENTISTRY OF NEW JERSEY, et al., | : **MEMORANDUM AND ORDER** |
| Defendants. | : |

The plaintiff, Craig Francis Szemple, is an inmate of a New Jersey state prison who is proceeding through counsel with an amended civil rights complaint. Presently pending before the Court is the motion of the defendants, Rutgers, State University (formerly known as the University of Medicine & Dentistry of New Jersey), University Correctional Healthcare, and Charles Getzoff, to dismiss Mr. Szemple's claims of dental malpractice.[1]

Defendants seek to dismiss the complaint, arguing that plaintiff's affidavit of merit is both untimely and insufficient. A motion to dismiss under Fed. R. Civ. P. 12(b)(6), however, is directed to the face of the pleading. Because the affidavit of merit is not a pleading requirement, a defendant seeking to dismiss an action based on deficiencies of the affidavit of merit must bring its motion as one for summary judgment under Federal Rule of Civil Procedure 56. *See Nuveen Mun. Trust ex rel. Nuveen High Yield Mun. Bond Fund v. WithumSmith Brown, P.C.*, 692 F.3d 283, 303 n.13 (3d Cir. 2012). The defendants' motion and the plaintiff's response both rely on matters outside of the amended complaint.

Where a motion to dismiss relies on material outside the complaint, I have the authority to convert it to a motion for summary judgment. *See* Fed. R. Civ. P. 12(d). Before doing so,

---

[1] Richard Mann also joined in the defendants' motion to dismiss. However, Mr. Szemple's claims against Mann were dismissed without prejudice via stipulation. (*See* Dkt. No. 97)

however, I must place the parties on notice, so that they have "a reasonable opportunity to present all the material that is pertinent to the motion." *Id.* Constructive notice that the court might treat the motion as one for summary judgment is not sufficient. *See In re Rockefeller Ctr. Properties, Inc. Securities Litig.*, 184 F.3d 280, 288 (3d Cir. 1999).

Defendants presented their motion as a motion to dismiss; they did not frame it in the alternative as one for summary judgment. It is true, of course, that Mr. Szemple included in his response documents extraneous to the complaint, but absent clear notice, he would not have known that he should marshal all proofs relevant to the issue presented by the defendants.

I will therefore give the plaintiff fourteen days to present all the material that is pertinent in opposition to the defendants' motion, pursuant to the dictates of Rule 12(d).

Accordingly, IT IS this 16th day of December, 2015,

ORDERED that plaintiff shall have fourteen (14) days from the date of this Order to submit material that is pertinent to the pending motion to dismiss (Dkt. No. 84) in the event that the Court converts the defendants' motion to dismiss to a motion for summary judgment.

_____
KEVIN MCNULTY
United States District Judge